# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY RAMOS, individually and d/b/a Big Time Barber Shop, and BIG TIME BARBER SHOP, an unknown business entity d/b/a Big Time Barber Shop #2, LLC, <br><br> Defendants. | CAUSE NO.: 2:17-CV-195-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, J & J Sports Productions, Inc., Amended Motion for Default Judgment [ECF No. 28], brought pursuant to Federal Rule of Civil Procedure 55(b)(2), and Motion for Entry of Default Judgment [ECF No. 34].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *Am. Acceptance Co., LLC v. Goldberg*, No. 2:08-CV-9, 2008 WL 838813, at *2 (N.D. Ind. Mar. 28, 2008). In the Seventh Circuit, "well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). If a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*,

722 F.2d 1319, 1323 (7th Cir. 1983) (alterations in original) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993).

The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). While the well-pleaded allegations of the complaint with respect to liability are taken as true, the amount of damages must still be proved. *Gard v. B & T Fin. Servs., LLC*, No. 2:12-CV-005, 2013 WL 228816, at *2 (N.D. Ind. Jan. 22, 2013) (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)). Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Rule 55(b)(2) authorizes a court to "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of actual damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)–(D).

## ANALYSIS

The Plaintiff's three-count Amended Complaint [ECF No. 15], filed on August 7, 2017, alleges conversion and violations of 47 U.S.C.§§ 553 and 605, for which the Plaintiff seeks statutory, compensatory, and punitive damages as well as attorneys' fees. The Plaintiff alleges that the Defendants violated 47 U.S.C. §§ 553 and 605 and committed conversion through the unauthorized publication of the Floyd Mayweather Jr. v. Manny Pacquiao Championship Fight Program (the Program) at their commercial establishment on May 2, 2015. The Plaintiff alleges that Defendant Anthony Ramos specifically directed the employees of Big Time Barber Shop to

unlawfully intercept and broadcast the Program at Big Time Barber Shop or that the actions of the employees of Big Time Barber Shop are directly imputable to Defendant Anthony Ramos by virtue of their acknowledged responsibility for the actions of Big Time Barber Shop. (Am. Compl. ¶ 11.)

The Plaintiff filed a Request for Entry of Default [ECF No. 22] on October 24, 2017, which the Clerk entered on October 25, 2017 [ECF No. 23]. The Plaintiff subsequently filed an Amended Motion for Default Judgment [ECF No. 28] on November 28, 2017, and a Motion for Entry of Default Judgment [ECF No. 34] regarding the same on February 7, 2019. In support of its Amended Motion for Default Judgment, the Plaintiff submitted a Memorandum of Points and Authorities in Support of Plaintiff's Request for Damages [ECF No. 28-1], an Affidavit of Investigator Leslie M. Mitchell [ECF No. 28-3], Plaintiff's Affidavit in Support of Plaintiff's Motion for Default Judgment [ECF No. 28-4], and an Attorney Fees Affidavit [ECF No. 28-6].

The Plaintiff's Amended Complaint adequately pleads that the Defendants violated § 553 and § 605 [ECF No. 15]. In this Circuit, well-pleaded allegations of liability are taken as true once default has been entered. *Merrill Lynch Mortg.*, 908 F.2d at 252. As such, the Court finds that the Plaintiff has sufficiently pled liability in the part of the Defendants. All that remains is to determine a reasonable judgment. *U.S. v. DiMucci*, 879 F. 2d 1488, 1497 (7th Cir. 1989).

### A. Statutory Damages

A plaintiff may recover actual or statutory damages under §§ 553 and 605. 47 U.S.C. §§ 553(c)(3)(A), (B); 605(e)(3)(C)(ii). In the Seventh Circuit, however, a plaintiff may not recover damages under both statutes. *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996) ("If Congress had intended § 605 to govern the interception of cable television programming

offered over a cable network, it would have had no reason to enact § 553."). These sections target two distinct types of piracy, and courts within the Northern District of Indiana have prohibited plaintiffs from simultaneously seeking relief under both sections. *Joe Hand Promotions, Inc. v. Matijevich*, No. 2:15-CV-93, 2017 WL 1090945, at *3 (N.D. Ind. Mar. 22, 2017); *G & G Closed Circuit Events, LLC v. Aguirre*, No. 3:14-CV-1884, 2016 WL 7338040, at *3 (N.D. Ind. Dec. 19, 2016). Therefore, the Plaintiff requests that the Court only contemplate damages pursuant to § 605. (Mem. of Points and Authorities in Supp. of Pl.'s Request for Damages at 2, ECF No. 28-1.)

Statutory damages pursuant to § 605 may range from $1,000 to $10,000, "as the court considers just," 47 U.S.C. § 605(e)(3)(C)(i)(II), but the statute permits an increase in damages of up to $100,000 where "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," *id*. § 605(e)(3)(C)(ii). Plaintiffs may also recover costs and attorney's fees. *Id*. § 605(e)(3)(B)(iii). The Plaintiff requests that the Court award it the maximum statutory damages under § 605 and an enhanced damages award of three times the statutory damages award. (Mem. of Points and Authorities in Supp. of Pl.'s Request for Damages at 2.) The Plaintiff argues that the maximum statutory damage award is appropriate and that the Defendant exhibited willfulness in violating the statute. (Mem. of Points and Authorities in Supp. of Pl.'s Request for Damages at 7.)

The Plaintiff has presented evidence that there were between 27 to 35 individuals who attended the viewing of the Program, the Defendants charged a $10.00 cover fee to display the Program, and there was damage to the Plaintiff's business. The Plaintiff contends that the Defendants should pay maximum statutory damages to incentivize future lawbreakers appropriately and adhere to the intent of the statute. (*Id.* at 3-4, 6.) Courts within the Northern

District of Indiana, however, have declined to grant maximum statutory damages in similar cases. *See, e.g.*, *J & J Sports Prods., Inc. v. Estrella*, No. 2:14-CV-171, 2016 WL 1183202, at *3 (N.D. Ind. Mar. 28, 2016). Rather, the courts have relied upon the Seventh Circuit's $80.00 per patron rate to calculate statutory damages or the rate that would have been paid had the Defendants legally contracted with the Plaintiff. *J & J Sports Prods., Inc. v. Molson*, No. 2:17-CV-194, 2018 WL 345766, at *3 (N.D. Ind. Jan. 9, 2018); *J & J Sports Prods., Inc. v. Kotsopoulos*, No. 1:13-CV-346, 2016 WL 1388072, at *2 (N.D. Ind. Apr. 8, 2016). Under this standard, an appropriate calculation of statutory damages in this case is $2,800 based on the maximum of 35 patrons at the $80 per patron rate. The Plaintiff submitted evidence that the licensing fee for an establishment of the Defendant's size would have been $3,000.00. (Aff. in Supp. of Pl.'s Mot. for Summ. J. at 3, ECF No. 28-4.) Therefore, the Court finds no reason to award more than $3,000.00 in statutory damages in this case and finds that an award of $2,800 is just.

Additionally, the Plaintiff asks the Court to consider enhanced damages three times that of the statutory damages award. "[E]nhanced damages are analogous to punitive damages, as they are awarded at the Court's discretion in cases where a defendant's actions are willful and for the purposes of financial gain." *J&J Sports Productions, Inc. v. Garcia*, 2013 WL 636707 at *4 (E.D. Cal. Feb. 15, 2013). Courts consider a range of factors in setting enhanced damages, including: "(1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event." *Joe Hand Promotions, Inc. v. Chapman*, No. 2:15-CV-460, 2016 WL 3881121, at *4 (N.D. Ind. July 18, 2016) (quoting *J & J Sports Prods., Inc. v. McCausland*, No. 1:10-CV-1564, 2012 WL 113786, at *4 (S.D. Ind. Jan. 13, 2012)). The

Defendants had multiple persons present to view the Program, advertised the Program, and collected a cover charge from patrons to view the Program. Based on the facts presented, enhanced damages are therefore appropriate. There is no suggestion, however, that the broadcast was part of a "grand commercial scheme" that would merit enhanced damages three times that of the statutory damages. *Joe Hand Promotions, Inc. v. Serrato*, No. 2:13-CV-409-JTM-PRC, 2014 WL 5314573, at *5 (N.D. Ind. Oct. 16, 2014), *report and recommendation adopted*, No. 2:13 CV 409, 2014 WL 6617679 (N.D. Ind. Nov. 21, 2014) (quoting *Joe Hand Promotions, Inc. v. RLA Enter., LLC,* No. 12-CV-1135, 2013 WL 308956, at *2 (E.D. Wis. Jan. 25, 2013)). The allegations and evidence indicate that the Defendants have committed a single offense, and it is their first offense. There is no evidence of significant monetary gains. Still, enhanced damages are warranted to deter future conduct. Thus, the Court grants the Plaintiff the requested $2,800.00 in statutory damages and $2,800.00 in enhanced damages, for a total of $5,600 in damages.

### B. Attorneys' Fees and Costs

The Plaintiff is entitled to attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). A district court generally has wide discretion in determining a reasonable attorneys' fee award. *Moriarty v. Svec*, 233 F.3d 955, 963 (7th Cir. 2000). The Plaintiff requests $2,106.00 in attorneys' fees and $525.00 in costs. In support of its request for attorneys' fees, the Plaintiff attached a statement of services [ECF No. 28-7]. A review of these materials indicate that the Plaintiff's request is reasonable, and the Court will award the requested attorneys' fees.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Amended Motion for Default Judgment [ECF No. 28] and Motion for Entry of Default Judgment [ECF No. 34]. The Court hereby awards the Plaintiff $2,800.00 in statutory damages, $2,800.00 in enhanced damages, $2,106.00 in attorneys' fees, and $525.00 in costs for a total of $8,231.00

SO ORDERED on May 22, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT